**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES A. JENKINS, | No. 1:14-CV-3522 (NJV) |
| Plaintiff, | ORDER RE MOTION TO DISMISS |
| v. | (Doc. 20.) |
| KATHLEEN MICKS, ACTING DISTRICT ATTORNEY, et al., | |
| Defendants. | |

This is a civil rights action for declaratory and injunctive relief, as well as money damages, arising out of the seizure by officers of the Del Norte Sheriff's Office of marijuana that is alleged to have been authorized for medical use under the California Compassionate Use Act. The case proceeds on the Amended Complaint filed September 3, 2014. (Doc. 16.) The caption of the Amended Complaint names as defendants Acting District Attorney Kathleen Micks, and Del Norte Sheriff's Deputies John Does 1-20. (*Id*.) The text of the Amended Complaint names as defendants the County of Del Norte, the Office of the Sheriff, Del Norte County, and Does 1-20, identified as employees of the County of Del Norte and the Del Norte Sheriff's Office. (Doc. 16, 3-4.) Out of an abundance of caution, the court will assume that Plaintiff intended to name all of these persons and entities as defendants in this action.

Pending before the court is Defendants' Motion to Dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), filed September

United States District Court
For the Northern District of California

16, 2014. (Doc. 20.) Plaintiff filed an untimely Opposition to the motion on October 20, 2014.[1] (Doc. 28.) Defendants filed a Reply on October 20, 2014. (Doc. 27.)

For the reasons expressed below, the court will grant Defendants' Motion to Dismiss and will dismiss the Amended Complaint with limited leave to amend.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d).

We construe the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, a Rule 12(b)(6) motion should be granted "if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory." *Id*. The court, in determining the sufficiency of a claim, will accept "factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In

---

[1]This document is entitled, "Objection to Notice to Dismiss." Based on its contents, the court finds that is was intended to be an opposition to Defendants' Motion to Dismiss.

determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

## FACTUAL ALLEGATIONS

On March 18, 2013, Plaintiff was pulled over by Del Norte County Sheriff's Deputy Officer Donaldson near the Elk Valley Rancheria in Crescent City, California. Amended Complaint ("AC"), ¶ 18. Officer Donaldson told Plaintiff that he was stopped because the officer was on the lookout for a stolen black Lexus. AC ¶ 19. Plaintiff was driving a 93 brown Ford Contour. *Id*. Officer Donaldson observed a roll of aluminum wire in the back seat of Plaintiff's vehicle. *Id*. Officer Donaldson asked if the wire was stolen; Plaintiff replied "no." *Id*. Donaldson informed Plaintiff that he was going to search the vehicle. *Id*. When Plaintiff refused to consent to the search, Donaldson requested backup. *Id*.

Officer Donaldson placed Jenkins in the back of his patrol vehicle and had Jenkins' wife placed in the back seat of the other officers' vehicle. ¶ 20. Plaintiff informed the officers that both he and his wife had current 215 cards and had multiple medical causes to necessitate "its" medical use. *Id.*

Donaldson found cannabis, and an apparatus to use the cannabis. ¶ 21. Officer Donaldson informed Jenkins that he was seizing all cannabis related items and that Plaintiff was being handcuffed and arrested for "felony cannabis charges." *Id*.

Officer Donaldson informed Plaintiff that marijuana was still illegal under federal law, and that was the authority under which he was acting. ¶ 22. He informed Plaintiff that the seized property was to be held for evidence, and then eventually destroyed. *Id.*

On March 18, 2013, Plaintiff filed a motion for dismissal.[2] ¶ 23. After no charges were filed against Plaintiff and he was informed by the District Attorney's Office that no charges would be filed, Jenkins filed a motion for return of property and a complaint for damages on or about April 25,

---

[2] Plaintiff does not state where he filed this motion. It appears that he filed the motion in the California Superior Court in and for the County of Del Norte.

3

2013, and multiple times afterwards. ¶ 24. The Court Clerk refused to accept these motions several times without explanation.[3] *Id*.

Plaintiff served a government tort claim on the Del Norte County Board of Supervisors in April 2013, and again in May 2013, when charges were filed by the District Attorney and the tort claim was rejected by the County. ¶ 25.

On July 13, 2013, the Del Norte County District Attorney filed charges against Plaintiff. ¶ 26. The District Attorney and the Sheriff's Department delayed 7 months before providing the police video of the incident. ¶ 27. Once this time had elapsed, Acting District Attorney Kathleen Micks advised Plaintiff's attorney, Dale Trigg, that she would drop the charges if Plaintiff promised not to sue her. *Id*. Attorney Dale Trigg advised Plaintiff of this. *Id*. Plaintiff "requested not to waive time" and to "push forward with the trial." *Id*. At this point, Acting District Attorney Kathleen Micks decided to drop the felony charges against Plaintiff. *Id*.

On or about February 5, 2014, Plaintiff requested his property back from the property/evidence officer at the Del Norte Sheriff's Department, as they no longer needed it as evidence in an ongoing criminal matter. ¶ 28. Plaintiff was informed by the on duty sergeant that it was the sergeant's opinion that Plaintiff should have been convicted of a crime and the property would not be given back, but would be destroyed. *Id.*

Plaintiff alleges that each and every time he has traveled to Crescent City for court, he has been stopped, harassed, searched and threatened by either the Crescent City Police Department or the Sheriff's Department. ¶ 29,

**DISCUSSION**

Compliance with the California Government Claims Act

Defendants contend that this court lacks jurisdiction over this lawsuit because Plaintiff failed to comply with the California Government Claims Act. Under California Government Code section 945.4, "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by

---

[3]Again, Plaintiff does not identify the court in question. It appears that Plaintiff is referring to the Superior Court of California in and for the County of Del Norte.

4

the board." Any claim for "death or injury to a person or to personal property or growing crops shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause shall be presented . . . not later than one year after the accrual of the cause of action." Gov. Code § 911.2. A claim must be granted or denied within six months of the date of denial of the claim. Gov. Code § 911.6. A claimant must then file a lawsuit within six months of the denial of the claim. Gov. Code § 911.8.

Defendants assert, and Plaintiff does not dispute, that Plaintiff submitted four government claims in connection with the alleged facts underlying this case.[4] Plaintiff states in the Amended Complaint that "[a] Government tort claim was served on the County Board of Supervisors in April, 2013, and again in May 2014 [sic]." (Doc. 16, 6:3-4.). In connection with their Motion to Dismiss, Defendants filed a Request for Judicial Notice. (Doc. 21.) Defendants provide copies of four claims forms submitted by Plaintiff, in an apparent attempt to comply with the California Government Claims Act. *Id.*, Exhibits A - D. The court grants Defendants' request to take judicial notice of these documents pursuant to Federal Rule of Evidence 201(d).

In April 2013 Plaintiff submitted a claim against Del Norte County Board of Supervisors which was based on the alleged incident of March 18, 2013. Although it appears that the claim was timely submitted to the County, the present action was not filed in Superior Count in and for the County of Del Norte until June 23, 2014, more than one year later. Thus, any claim for damages in the present lawsuit derived from this claim is untimely and the court lacks jurisdiction over this suit to the extent it seeks "money or damages," based on the occurrences alleged in the April 2013 government claim. Gov. Code § 911.8.

On May 5, 2014, Plaintiff submitted a claim against the Del Norte County Office of the Sheriff for "loss of medicine" with a date of occurrence as March 18, 2013. (Doc. 21, Ex. A.) The court finds that this claim was untimely submitted more than six months after the accrual of the

---

[4] Plaintiff alleges in his Opposition to the Motion to Dismiss that he "attempted to file a claim dozens of times and was denied, ignored or rejected." (Doc. 28, 1.) He further alleges that he applied to be allowed to file a late claim according to Gov. Code section 911.4(a). *Id.* Plaintiff, however, makes no allegations regarding the dates of either his attempts to file a claim or his application to file a late claim. At the hearing before this court, Plaintiff was unable to produce copies of any claims he attempted to file, or of an application to file a late claim.

cause of action. Therefore, the court lacks jurisdiction over any claim for "money or damages" in the present lawsuit based on the occurrences alleged in this claim. Gov. Code § 911.2.

On May 5, 2014, Plaintiff submitted a claim against Del Norte County Counsel for blocking his claims with a date of occurrence of cause of action on March 18, 2013. (Doc. 21, Ex. B.) The court finds that this claim was untimely submitted more than six months after the accrual of the cause of action. The court therefore lacks jurisdiction over any claim for "money or damages" in the present lawsuit based on the occurrences alleged in this claim. Gov. Code § 911.2.

On May 5, 2014, Plaintiff submitted a claim against Del Norte Deputy Sheriff Donaldson for failure to return Plaintiff's property with a date of occurrence of cause of action of March 18, 2013. (Doc. 21, Ex. C.) The court finds that this claim was untimely submitted more than six months after the accrual of the cause of action. The court therefore lacks jurisdiction over any claim for "money or damages" in the present lawsuit based on the occurrences alleged in this claim. Gov. Code § 911.2.

On May 5, 2014, Plaintiff submitted a claim against Del Norte District Attorney John Michael Alexander and Acting District Attorney Katherine Micks for prosecutorial [mis]conduct by filing false charges against him, with a date of occurrence on February 2, 2014. (Doc. 21, Ex. D.) Defendants argue that there are no allegations in the Amended Complaint of prosecutorial misconduct occurring on February 2, 2014. Plaintiff only alleges that charges were brought against him on July 13, 2014. Defendants therefore argue that the Plaintiff has not complied with the Government Claims Act, because he did not submit a claim in connection with the July 13, 2014 allegation. Gov. Code § 911.2. The court agrees, and finds that it lacks jurisdiction over any claim for "money or damages" in the present lawsuit based on allegations in this claim. Gov. Code § 911.2.

Based on the above, Defendants contend that, "[a]s plaintiff failed to comply with the California Government Claims Act, he is barred under California law from bring [sic] any of the claims addressed in his complaint. For this reason, his complaint should be dismissed without leave to amend." Motion to Dismiss, 14:24-26. However, Plaintiff asks for several forms of injunctive relief in his Amended Complaint, none of which are precluded by the sections of the Government

Code discussed above. He seeks: 1) the return of all cannabis and cannabis apparatus and related materials and property; 2) a personal apology from the Del Norte Sheriff's Department including all officers involved in this case; and 3) a preliminary injunction and a permanent injunction, enjoining Defendants and their agents, servant, and employees, and all persons acting under and in concert with them, or for them, from continuing to violate the constitutional rights of qualified medical cannabis patients by seizing and/or destroying their property. Defendants do not address these requests for relief in their Motion to Dismiss.

Accordingly, the court will grant Defendants' Motion to Dismiss as to Plaintiff's claims for monetary damages arising from the incident alleged to have occurred on March 18, 2013. However, the court must separately address Plaintiff's claims for injunctive and declaratory relief arising from the alleged incident. *Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1297-98 (9th Cir. 2003) provides as follows:

> The Ninth Circuit has described two sets of criteria for preliminary injunctive relief. Under the "traditional" criteria, a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). Alternatively, a court may grant the injunction if the plaintiff "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id*. (citations omitted) (emphasis in original). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810 (9th Cir. 2003). "Thus, the greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Id*. (citation omitted) (alteration in original).

To determine whether Plaintiff can meet this standard, the court must discuss the merits of Plaintiff's claims. As set forth below, the court finds no merit to Plaintiff's federal claims. Thus, he is not entitled to injunctive relief based on his Amended Complaint. As explained below however, the court will give Plaintiff limited leave to amend.

Prosecutorial Immunity

Defendants argue that Acting District Attorney Kathleen Micks has Eleventh Amendment immunity to the causes of action asserted by Plaintiff, because she was acting in her official capacity as Acting District Attorney during the time in question. A state actor is immune from suit under the

1 Eleventh Amendment for actions taken in his official capacity.  *McMillan v. Monroe County, Ala.*,
2 520 U.S. 781 (1997).  Accordingly, the court will grant Defendants' Motion to Dismiss as against
3 Kathleen Micks, based on her Eleventh Amendment immunity.

<u>First Cause of Action - Violation of the Right to Due Process Pursuant to the Fourteenth Amendment</u>

Plaintiff contends that Defendants' seizure and/or destruction of his property without prior notice or hearing violated his right not to be deprived of property or liberty without due process of law under the Fourteenth Amendment.  He claims that it was the policy and practice of the County of Del Norte and the Del Norte Sheriff's Officer to authorize their officers to seize and destroy medical marijuana without prior notice and hearing, and that this explicit  policy caused the Constitutional violation alleged herein.

Defendants move to dismiss this cause of action, arguing that Plaintiff's allegation of Constitutional violations has no merit because marijuana remains illegal under federal law.  They cite *Gonzales v. Raich*, 545 U.S. 1, 10 (2005) ("*Raich I*"), in which the United States Supreme Court held that enactment of the Controlled Substances Act, 21 U.S.C. §§ 801-971, in which marijuana is listed as a Schedule I controlled substance, was within Congress' commerce clause power.  The Court remanded the case to the Ninth Circuit.  On remand, the Ninth Circuit held that " federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering." *Raich v. Gonzales*, 500 F.3d 850, 866 (9th Cir. 2007) (*Raich II*).  The court finds that under this legal authority, Plaintiff lacks a federal Constitutional right to possess marijuana for medical purposes.  Thus, he has no due process right under the Fourteenth Amendment in connection with the seizure or destruction of  his medical marijuana.  The court will therefore grant Defendants' Motion to Dismiss as to Plaintiff's first cause of action for failure to state a claim on which relief can be granted to the extent that Plaintiff seeks injunctive and declaratory relief.[5]

<u>Third Cause of Action - Takings/Inverse Condemnation</u>

---

[5] As explained above, the court will dismiss each of Plaintiff's federal claims for lack of jurisdiction to the extent that Plaintiff seeks monetary damages.

1    Plaintiff alleges that Defendants took his medical marijuana and "apparatus" without a
2 legitimate public health or safety interest.  He further alleges that he received no monetary
3 compensation for the damage to his property.  Plaintiff contends that in taking his medical marijuana
4 and apparatus under these circumstances, Defendants violated his right to just compensation for
5 property taken or damaged for public use without a legitimate public health or safety interest under
6 the Fifth and Fourteenth Amendments to the United States Constitution.

7    Because Plaintiff has no Constitutional right to possess medical marijuana under *Raich II*, he
8 has no right to due process under the Fourteenth Amendment in connection with its confiscation by
9 state law enforcement authorities.  The court will therefore grant Defendants' Motion to Dismiss as
10 to Plaintiff's third cause of action to the extent that Plaintiff seeks injunctive and declaratory relief.[6]

Fifth Cause of Action - Conspiracy to Violate Civil Rights

Plaintiff alleges that "the individual defendant officers" conspired to violate his statutory civil rights by acting in concert to seize and destroy his medical marijuana and medical apparatus, in violation of 42 U.S.C. §§ 1983 and 1985.  Plaintiff, however, has never identified the Doe defendants named in this action.  Moreover, as set forth above, Plaintiff has no Constitutional right to possession of medical marijuana.  Thus, there is no legal basis for a claim under § 1983 or § 1985 based on such possession.  The court will grant Defendants' Motion to Dismiss as to Plaintiff's fifth cause of action to the extent that Plaintiff seeks injunctive and declaratory relief.

Sixth Cause of Action - Violation of the Right to the Free Exercise of Religion under the First Amendment

"The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden."  *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).  Although Plaintiff includes a section with the above caption in his Amended Complaint, he provides no argument as how the criminalization of marijuana has placed a substantial burden on the observation of his central religious belief or practice.  Therefore the court finds that Plaintiff has failed to state a claim for violation of his right to free exercise of religion under the First Amendment.  It is not clear,

---

[6] Although the issue is not discussed by the parties, it appears that possession of Plaintiff's "apparatus to use the cannabis" is  also illegal under federal law, specifically 21 U.S.C. § 863.

however, that Plaintiff's pleading deficiencies on this cause of action cannot be overcome. The court will grant Defendants' Motion to Dismiss with leave to amend as to this federal cause of action only, should Plaintiff be able to meet the *Hernandez* standard.

State Law Causes of Action

In his second cause of action, Plaintiff contends that Defendants' actions violated his right under Article 1, Section 7(a) of the California Constitution, not to be deprived of property or liberty without due process of law. In his fourth cause of action, Plaintiff alleges that Defendants violated his right to just compensation for property taken or damaged for public use without a legitimate public health or safety interest under Article 1, Section 19 of the California Constitution.

The court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367. In cases where the court dismisses all of a plaintiff's federal claims, "the principles of judicial economy, convenience and fairness to the parties, and comity weigh against retaining supplemental jurisdiction." *Gray v. City & Cnty. of San Francisco*, C 13-03513 WHA, 2014 WL 546349, at *1 (N.D. Cal. Feb. 7, 2014); *see United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdiction sense, the state claims should be dismissed as well.").

As stated above, the court will grant Defendants' Motion to Dismiss as to all of Plaintiff's federal claims.[7] This leaves the state claims as the only causes of action in the Amended Complaint.

The court will grant Plaintiff leave to file a Second Amended Complaint, including only his sixth cause of action and his previously stated state law claims. If Plaintiff does not timely file a Second Amended Complaint, the case will proceed on the Amended Complaint. The court will then decline to exercise supplement jurisdiction over the state law claims remaining in the Amended Complaint, and will dismiss those claims and the entire action.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

---

[7]It is clear that amendment of the federal claims in this case would be futile except as to the sixth cause of action based on right to free exercise of religion, seeking injunctive and declaratory relief. Thus, the federal claims in the Amended Complaint will be dismissed without leave to amend except as to that claim. *See Eldridge*, 832 F.2d 1132 at 1135-36.

1) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's federal claims to the extent that Plaintiff seeks "money or damages," and these claims are dismissed with prejudice for lack of jurisdiction;

2) Defendants' Motion to Dismiss is GRANTED as to Acting District Attorney Kathleen Micks, and Plaintiff's claims against her are dismissed with prejudice for failure to state a claim on which relief can be granted, based on her Eleventh Amendment prosecutorial immunity;

3) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's first, third and fifth claims to the extent that Plaintiff seeks injunctive and declaratory relief, and these claims are dismissed with prejudice for failure to state a claim on which relief can be granted;

4) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's sixth claim based of the right to free exercise of religion to the extent that he seeks injunctive and declaratory relief, and this claim is dismissed with leave to amend, for failure to state a claim on which relief can be granted;

5) The court declines to rule on Defendants' Motion to Dismiss as to Plaintiff's state law causes of action at this time;

6) If he wishes to do so, Plaintiff may file a Second Amended Complaint no later than December 12, 2014. In that Second Amended Complaint Plaintiff may include only his sixth cause of action for violation of his right to religious freedom seeking injunctive relief and declaratory relief, and his second and fourth causes of action based on state law. Plaintiff may amend his sixth cause of action to address the pleading deficiencies addressed above, but is limited to seeking declaratory and injunctive relief. Because an amended complaint completely replaces the original complaint, Plaintiff may not incorporate material from his Amended Complaint by reference.

7) As explained above, failure to timely file a Second Amended Complaint will result in the dismissal of this entire action.

Dated: November 14, 2014

NANDOR J. VADAS
United States Magistrate Judge

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES A. JENKINS, | No. 1:14-CV-3522 NJV |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| KATHLEEN MICKS, ACTING DISTRICT ATTORNEY, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on November 14, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

James A. Jenkins
P. O. Box 658
Blue Lake, CA 95525

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas