**United States District Court**
For the Northern District of California

1

2

3                                    **NOT FOR PUBLICATION**

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7                                  EUREKA DIVISION

8

9    JAMES A. JENKINS,                          No. 1:14-CV-3522 (NJV)

10              Plaintiff,                       ORDER RE MOTION TO DISMISS
                                                SECOND AMENDED COMPLAINT
11        v.                                     (Doc. 38.)

12   KATHLEEN MICKS, ACTING
     DISTRICT ATTORNEY, et al.,
13
              Defendants.
14   _____/

15        This is a civil rights action arising out of the seizure of marijuana, by officers of the Del

16   Norte Sheriff's Office, that is alleged to have been authorized for medical use under the California

17   Compassionate Use Act.  The case is currently before the court on Defendants' Motion to Dismiss

18   Plaintiff's Second Amended Complaint.  The Second Amended Complaint was received by the court

19   on December 15, 2014, and Defendants filed their Motion to Dismiss on December 30, 2014.

20   (Docs. 37, 38.)  Plaintiff filed objections on January 14, 2015, to which Defendants filed a reply on

21   January 20, 2015.  (Docs. 41, 42.)  The court entered an order on January 30, 2015, vacating the

22   hearing on Defendants' motion and taking the matter under submission on the papers.  (Doc. 44.)

23   For the reasons stated below, the court will grant Defendants' Motion and dismiss the Second

24   Amended Complaint.[1]

25                                   **LEGAL STANDARD**

26        A complaint must contain a "short and plain statement of the claim showing that the pleader

27   is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual

28

_____
     [1]The alleged facts underlying this case are set forth in the court's order of November 14, 2014,
and the court does not find it necessary to repeat them here.

allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

We construe the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, a  Rule 12(b)(6) motion should be granted "if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory." *Id.* The court, in determining the sufficiency of a claim, will accept "factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

**DISCUSSION**

On November 14, 2014, the court entered an order granting Defendants' Motion to Dismiss the Amended Complaint filed September 3, 2014. (Doc. 36.) In its order, the court  expressly granted Defendants' motion to dismiss Plaintiff's federal claims to the extent that Plaintiff sought "money damages," and dismissed those claims for lack of jurisdiction. *Id.* at 10. The court also held that, "[i]t is clear that amendment in this case would be futile except as to the sixth cause of action based on right to free exercise of religion." *Id.* Thus, the Amended Complaint was dismissed without leave to amend except as to that claim. *Id.*

//

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   In its order dismissing Plaintiff's Amended Complaint, the court explained as follows in

2   regard to Plaintiff's sixth cause of action alleging a violation of the right to the free exercise of

3   religion under the First Amendment:

4   "The free exercise inquiry asks whether government has placed a substantial burden
    on the observation of a central religious belief or practice and, if so, whether a compelling

5   governmental interest justifies the burden." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).
    Although Plaintiff includes a section with the above caption in his amended complaint, he

6   provides no argument as how the criminalization of marijuana has placed a substantial
    burden on the observation of his central religious belief or practice.  Therefore the court finds

7   that Plaintiff has failed to state a claim for violation of his right to free exercise of religion
    under the First Amendment.  It is not clear, however, that Plaintiff's pleading deficiencies on

8   this cause of action cannot be overcome.  The court will grant Defendants' motion to dismiss
    as to this claim with leave to file a Second Amended Complaint as to this cause of action

9   only, should Plaintiff  be able to meet the *Hernandez* standard.

10  Order Re Motion to Dismiss, 9:19-20:2.  (Doc. 36).

11  In his Second Amended Complaint now at issue, Plaintiff asserts the following causes of

12  action: 1)  violation of Section 1 of the California Constitution; 2) violation of Article 1, Section 19

13  of the California Constitution; and 3) Violation of Article 1, Section 4 of the California Constitution

14  and the First Amendment of the United States Constitution.  In his third cause of action, Plaintiff

15  provides a discussion of the use of cannabis by different cultures and religions, including the Native

16  American Church.  He states that he believes that for him, "Cannabis enhances the truth of the

17  universe," that this plant is a "beneficial and life sustaining herb,"  and that "by consuming Cannabis

18  [he] is communing with nature."  Second Amended Complaint, p.  12-13.  He also expresses his

19  views regarding the regulation of Cannabis by governmental entities, and some of his political and

20  religious beliefs.  No where, however, does Plaintiff allege that he has a central religious belief or

21  practice that is burdened by the criminalization of marijuana.  The court finds, therefore, that

22  Plaintiff has failed to state a free exercise of religion claim under the First Amendment.  Having

23  previously allowed Plaintiff an opportunity to amend so as to state such a claim, the court now finds

24  that further amendment would be futile.

25  The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

26  U.S.C. § 1367.  Because the court finds that dismissal of Plaintiff's single federal claim is

27  warranted, "the principles of judicial economy, convenience and fairness to the parties, and comity

28  weigh against retaining supplemental jurisdiction." *Gray v. City & Cnty. of San Francisco*, C 13-

**United States District Court**
For the Northern District of California

1    03513 WHA, 2014 WL 546349, at *1 (N.D. Cal. Feb. 7, 2014).  *See United Mine Workers of*

2    *America v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even

3    though not insubstantial in a jurisdiction sense, the state claims should be dismissed as well.").

4    Accordingly, the court will not retain supplemental jurisdiction over Plaintiff's state law claims, and

5    will dismiss these claims without prejudice to Plaintiff's right to reassert these claims in state court.

6          Based on the foregoing, IT IS HEREBY ORDERED as follows:

7    1)    Defendants' motion to dismiss is GRANTED as to Plaintiff's claim for violation of the Free

8    Exercise Clause of the First Amendment set forth in his third cause of action and this claim is

9    DISMISSED WITH PREJUDICE;

10   2)    Defendants' motion to dismiss is GRANTED as to Plaintiff's state claims set forth in his first,

11   second and third cause of action and these claims are DISMISSED without prejudice to Plaintiff's

12   right to assert these claims in state court.

13   3)    The Clerk shall enter judgment accordingly and close this case.

14

15

16   Dated:  February 5, 2015

17                                                   _____
                                                     NANDOR J. VADAS
                                                     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES A. JENKINS, | No. 1:14-CV-3522 NJV |
|        Plaintiff, | |
|     v. | CERTIFICATE OF SERVICE |
| KATHLEEN MICKS, ACTING DISTRICT ATTORNEY, et al., | |
|        Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that on  February 5, 2015, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

James A. Jenkins
P. O. Box 658
Blue Lake, CA 95525

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

United States District Court
For the Northern District of California